**REVISED OCTOBER 7, 2013**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 11-70018

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 4, 2013

Lyle W. Cayce
Clerk

JEFFERY LEE WOOD,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS
DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:01-CV423

Before HIGGINBOTHAM, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jeffery Lee Wood has filed a motion for a certificate of appealability (COA) to appeal the district court's denial of a 28 U.S.C. § 2254 application, which asserts that Wood is incompetent to be executed, and that his execution would violate the Eighth and Fourteenth Amendments pursuant to *Panetti v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Quarterman,* 551 U.S. 930 (2007) and *Ford v. Wainwright,* 477 U.S. 399 (1986). The district court denied Wood's application and denied a COA, finding that Wood suffered from an antisocial personality disorder, but not from a delusional disorder, and therefore does not qualify as incompetent for execution under *Panetti.*

Wood's motion for a COA challenges the district court's conclusion that he did not suffer from a delusional disorder. Wood also asserts that he was denied a fair hearing in violation of the Fourteenth Amendment's due process clause because the district court erroneously based its credibility and factual findings upon the court's personal experience with Texas' death row inmates. Wood contends that as a consequence, he was precluded from adversarially testing the evidence that the judge relied upon and thus a remand and reassignment is warranted. Additionally, Wood maintains that the district court prejudged his claim and retaliated against him by unsealing pleadings and proceedings.

To obtain a COA, a prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  If a district court has rejected a prisoner's constitutional claim on the merits, this court will issue a COA only if he demonstrates that jurists of reason could disagree with the district court's resolution of his constitutional claims or could conclude the issues presented are "adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (internal quotation marks and citation omitted). "[A] petitioner need not show that an appeal will succeed in order to be entitled to a COA. The question is the debatability of the underlying constitutional claim, not the resolution of the debate." *Cardenas v. Dretke,* 405 F.3d 244, 248 (5th Cir. 2005) (citations and internal quotation marks omitted).

Wood has sufficiently demonstrated that reasonable jurists may disagree with regard to whether he was denied a fair hearing as a result of the district court's improper reliance upon its own experience with *pro se* litigants and

Texas' death row inmates. "[T]he individual and extrajudicial knowledge on the part of the judge will not dispense with proof of facts not judicially cognizable, and cannot be resorted to for the purpose of supplementing the record." *Fox v. City of West Palm Beach,* 383 F.2d 189, 194-95 (5th Cir. 1967). Here, the district court's credibility determinations and factual findings were expressly based upon knowledge that the court independently procured outside the course of the current proceedings, and thus neither party could test these findings for relevancy or reliability. Without citing empirical data, the court found that "virtually all of the Texas death row inmates with whom this Court has dealt have been diagnosed by qualified mental health professionals with antisocial personality disorder. It has been this Court's experience that the vast majority of Texas prison inmates in general, and Texas death row inmates in particular, demonstrate several significant characteristics of antisocial personality disorder, specifically, an unwillingness to accept responsibility for their criminal conduct." *Wood v. Thaler,* 787 F.Supp. 2d 458, 296 (W.D. Tex. 2011). Crediting the expert's opinion who testified in accordance with the district court's own experience, the court concluded that Wood does not suffer from a delusional disorder, but rather has a "highly manipulative antisocial personality," and thus is ineligible for relief under *Panetti. Id.* at 498.

Jurists of reason could debate whether the district court's improper reliance upon its past experience with death row inmates resulted in an unfair hearing in violation of Wood's Fourteenth Amendment due process rights. This claim therefore deserves encouragement to proceed further.

Additionally, Wood has made the requisite showing warranting COA on the related issue of whether the case should be remanded and reassigned. This Court's power to reassign a case on remand is an "extraordinary power and should rarely be invoked." *United States v. Winters*, 174 F.3d 478, 487 (5th Cir. 1999). However, reassignment "may be authorized where the original judge would reasonably be expected upon remand to have substantial difficulty in

putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, . . . where reassignment is advisable to preserve the appearance of justice[,] . . . [or] where the facts might reasonably cause an objective observer to question [the judge's] impartiality." *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 675 F.3d 433, 440-41 (5th Cir. 2012) (third alteration in original) (quoting *In re DaimlerChrysler Corp.,* 294 F.3d 697, 700-01 (5th Cir. 2002) (internal quotation marks omitted)). Given the district court's expressed views on the mental health condition of "virtually all" of the Texas death row inmates, reasonable jurists could debate whether the district court could reasonably be expected to disregard this expressed opinion. Moreover, it is debatable whether an objective observer would reasonably call into question the judge's impartiality towards Wood's claim that he suffered from a delusional disorder. We emphasize that we do not today find that remand and reassignment is necessary in this case, nor do we suggest that this is the proper disposition. Rather, we simply hold that Wood's claim for remand and reassignment, as the corollary remedy to his due process claim, warrants encouragement to proceed.

Wood has not made the requisite showing to warrant a COA with regard to any additional claims.

Accordingly, the motion for a COA is GRANTED, and briefing limited to the merits of Wood's claims regarding the district court's improper reliance upon its own experience and the related claim for remand and reassignment is ordered.